John S. Holt, Ph.D. Chair, Arkansas Psychology Board 101 E. Capitol, Suite 415 Little Rock, AR 72201
Dear Dr. Holt:
You have presented the following questions for my opinion:
 (1) What is the status of an individual who is licensed by the Arkansas Psychology Board and who is also licensed by a Board that is less restrictive with regard to supervision, such as the Arkansas Board of Examiners in Counseling or the Arkansas Social Work Board?
 (2) Does a psychological examiner continue to have required psychologist supervision in areas specified by Chapter 97 to remain a psychological examiner, even if the individual can perform the same service independently under another Board?
 (3) Can a licensure board require an individual to discontinue his or her licensure with another board as a requirement for licensure or offering a specific service when he or she has met the requirements of that specific board?
You state that your questions arise out of the fact that numerous individuals are licensed by both the Arkansas Psychology Board and the Arkansas Board of Examiners in Counseling. The statutes that govern psychological examiners require psychological examiners to be supervised by a licensed psychologist in overall personality appraisal and psychotherapy/counseling. Experience or competence is not a factor. Supervision is required for psychological examiners in all areas except for educational and vocational assessment. In contrast, the Counseling Board allows independent practice after three years of supervised practice.
You further state that the most recent problem that has arisen is that a licensee of both boards was told that she would have to drop her psychological examiner license if approved for assessment and testing by the Counseling Board. This individual does not want to give up her licensure as a psychological examiner, and she is willing to continue to meet psychologist supervision requirements.
RESPONSE
Question 1 — What is the status of an individual who is licensed by theArkansas Psychology Board and who is also licensed by a Board that isless restrictive with regard to supervision, such as the Arkansas Boardof Examiners in Counseling or the Arkansas Social Work Board?
It is my opinion that a person who is licensed by two different boards that have differing supervision requirements (and whose license has not been suspended by either board) can engage in all of the practices that each license entitles him or her to engage in. However, some practices that are permissible under one license may (depending on the particular boards in question) be grounds for suspension of the other license. Therefore, by engaging in such practices, the individual may be risking suspension of the other license, as discussed in response to Question 2.
I note that the Arkansas Board of Examiners in Counseling, which you have specifically mentioned, has promulgated the following regulation:
 (c) Any person holding a license from the Arkansas Board of Examiners in Psychology (ABEP)[1] will not be approved for any appraisal, assessment, or testing under any license issued by this Board. All appraisal activities will be regulated by the ABEP for any persons licensed by both the Board of Examiners in Counseling and Board of Examiners in Psychology.
Rules and Regulations of the Arkansas Board of Examiners in Counseling,
§ 9.3.
This regulation makes clear that persons who are licensed by both the Arkansas Board of Examiners in Counseling and the Arkansas Psychology Board will be subject to the regulatory oversight of the Arkansas Psychology Board, rather than the Arkansas Board of Examiners in Counseling, with regard to appraisal, assessment, and testing. Such persons therefore must comply with the requirements of the Arkansas Psychology Board in connection with those activities, despite the fact that they may be licensed by the Arkansas Board of Examiners in Counseling.
Question 2 — Does a psychological examiner continue to have requiredpsychologist supervision in areas specified by Chapter 97 to remain apsychological examiner, even if the individual can perform the sameservice independently under another Board?
It is my opinion that a psychological examiner must comply with the required supervision requirements of the Psychology Board in order to retain his or her license as a psychological examiner. If an individual who is licensed by the less restrictive board engages in a practice for which supervision is required by the Psychology Board, that individual is subject to licensure suspension by the Psychology Board, notwithstanding the fact that the practice was permitted without supervision by the other board. See A.C.A. § 17-97-310. The fact that another board permits the same practice without supervision is irrelevant to the individual's licensure as a psychological examiner. The other board's less restrictive supervision requirements do not constitute an exemption from the Psychology Board's requirements unless the Psychology Board should choose to create such an exemption. The Psychology Board has not done so. Until the Psychology Board creates such an exemption, individuals who wish to retain their licenses as psychological examiners must comply with all requirements of the Psychology Board without regard to the less restrictive requirements of any other board.
As discussed above in response to Question 1, however, some less restrictive boards may have promulgated regulations that address this situation, as has the Arkansas Board of Examiners in Counseling.
Question 3 — Can a licensure board require an individual to discontinuehis or her licensure with another board as a requirement for licensure oroffering a specific service when her or she has met the requirements ofthat specific board?
It is my opinion that the answer to this question will depend upon the statutes governing the board in question. A board cannot impose a requirement of this nature if the requirement would conflict with its governing statutes.
The Arkansas Psychology Board, for example, cannot impose such a requirement, because the requirement would conflict with the statutes that govern licensure for the practice of psychology. More specifically, A.C.A. § 17-97-302 enumerates the required qualifications that an applicant must possess in order to be licensed for practice as a psychologist. An applicant for licensure must establish that he or she:
(A) Is of good moral character;
 (B) Has received a doctoral degree in psychology from an accredited institution recognized by the board as maintaining satisfactory standards at the time the degree was granted or, in lieu of a degree, a doctoral degree in a closely allied field if it is the opinion of the board that the training required therefor is substantially similar;
 (C) Has had at least two (2) years of experience in psychology of a type considered by the board to be qualifying in nature with at least one (1) of those years being postdoctoral work;
 (D) Is competent in psychology, as shown by passing examinations, written or oral, or both, as the board deems necessary;
 (E) Is not considered by the board to be engaged in unethical practice;
 (F) Has applied for a criminal background check and has not been found guilty of or pleaded guilty or nolo contendere to any of the offenses listed in § 17-97-312(f); and
 (G) Has not failed an examination given by the board within the preceding six (6) months.
 (2) At its discretion, the board may accept satisfactory substitute training and experience in lieu of that prescribed in subdivision (b)(1) of this section.
A.C.A. § 17-97-302(b).
The required qualifications for a license to practice psychology are limited to those listed above. Moreover, the statute setting forth Psychology Board's powers and duties does not include any statement that would grant the Board the authority to expand the required qualifications for licensure. See A.C.A. § 17-97-203. If the Psychology Board imposed a requirement that applicants drop licenses that were duly issued by other boards, it would be acting outside the scope of its authority by creating a requirement for licensure in addition to those that have been enumerated by the General Assembly. Such action by the Board would impermissibly conflict with state law.
The statutes that govern the Arkansas Board of Examiners in Counseling similarly set forth a list of required qualifications for licensure by that board, see A.C.A. § 17-27-301, and sets forth the powers and duties of the board. See A.C.A. § 17-27-203. Although both of these listings do appear to grant the Board of Examiners in Counseling a certain amount of discretion in determining qualifications for licensure, I do not interpret them to permit the Board to impose a requirement that applicants drop licenses that were duly issued by other boards.
I must note that if a particular board's governing statutes do grant the board the authority to impose a requirement of this nature, that board cannot arbitrarily impose this (or any other) requirement without the enactment of a regulation pursuant to all required procedures for the enactment of regulations.
The various licensure boards have limited statutory authority to regulate in their own area of specialty. They must do so pursuant to the requirements of law, and they cannot regulate outside the area of their own statutory authority. Therefore if they are authorized to impact a professional license that has been earned and duly issued by another board, they can do so only if their action is related to their own licensure authority. That authority can be exercised only pursuant to statutorily-authorized procedures (such as the Administrative Procedure Act, A.C.A. § 25-15-201 et seq., where applicable).
I should note that I am not aware of any board that is authorized to impose a requirement of this nature, nor am I aware of any board that has duly promulgated such a regulation.
Assistant Attorney General Suzanne Antley prepared the foregoing opinion, which
I hereby approve.
Sincerely,
MIKE BEEBE Attorney General
[1] The Arkansas Psychology Board was previously named the Arkansas Board of Examiners in Psychology. The name of the board was changed byAct 1482 of 2003.